United States District Court
Southern District of Texas
**ENTERED**
March 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CECIL DEMMERIT BANKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-223 |
| | § | |
| WILLIAM B. STEPHENS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Cecil Banks, an inmate currently confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, against the Director of the TDCJ-CID, William Stephens.  Plaintiff, a Muslim, challenged the TDCJ-CID's grooming policy requiring all inmates to be clean-shaven, arguing that it imposed a substantial burden on his religious exercise, and he sought declaratory and injunctive relief to be able to wear a quarter-inch beard.  (D.E. 1).  Since the filing of this lawsuit, the TDCJ-CID has changed its grooming policy to allow inmates to grow and maintain a one-half inch beard, and Defendant Stephens moves for summary judgment to dismiss Plaintiff's claims as moot.  (D.E. 20).  Plaintiff has not filed a response in opposition.[1]

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

For the reasons stated herein, it is respectfully recommended that Defendant's motion for summary judgment be granted, and that Plaintiff's beard claims be dismissed as moot.  It is further respectfully recommended that Plaintiff's request for attorney fees, costs, and expenses be denied.

## I.   JURISDICTION.

The Court has federal question jurisdiction.  28 U.S.C. § 1331.  This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. 636.[2]

## II.   PROCEDURAL BACKGROUND.

On July 22, 2013, Plaintiff filed his original complaint against Defendant Stephens in his official capacity challenging the TDCJ's grooming policy requiring all inmates to be clean-shaven and seeking declaratory and injunctive relief, as well as attorney fees and costs.  (D.E. 1).

On May 15, 2014, Defendant filed his answer.  (D.E.10).

On October 31, 2014, Defendant moved for a stay of this case pending decisions and appeals in other cases addressing prison grooming policies in the context of RLUIPA.  (D.E. 13).  For example, in *Garner v. Gutierrez,* this Court found that the TDCJ's grooming policy violated RLUIPA and granted offender Garner the right to wear a quarter-inch beard, and the Fifth Circuit affirmed.  713 F.3d 237 (5th Cir. 2013).  In *Ali v. Stephens,* 69 F. Supp. 3d 633 (E.D. Tex. 2014), following a five-day bench trial, the Lufkin trial court found that TDCJ's no-beard grooming policy violated RLUIPA and it

---

[2] *See* Special Order C-2013-01 on file with the District Clerk.

granted Ali the right to wear a fist-length beard, as well as a kufi. *Id.,* at 644. Ali's appointed attorneys were awarded $16,312.72 in costs and $214,160.44 in attorney's fees and expenses. *Ali v. Stephens,* 2015 WL 2061981 (E.D. Tex. Apr. 29, 2015). The TDCJ-CID has appealed the *Ali* decision, and it is still pending. Case No. 15-40693. On January 20, 2015, the Supreme Court issued its opinion in *Holt v. Hobbs*, 135 S. Ct. 853 (Jan. 20, 2015). In *Holt,* the Supreme Court concluded that the Arizona Department of Corrections' grooming policy, which did not allow an accommodation for Holt to grow a half-inch beard in accordance with his religious beliefs, violated his rights under RLUIPA, and remanded the case. *Id.,* at 867.

Based on the holdings in *Garner, Ali,* and *Hobbs,* on February 11, 2015, the Court stayed these proceedings based on Defendant's representation that Plaintiff could grow and maintain a one-half inch beard while the case was stayed. (D.E. 17).

On August 28, 2015, Defendant filed an Advisory relating that the TDCJ-CID had adopted a new grooming policy allowing allowed offenders to grow "religious beards" effective August 1, 2015. (D.E. 18).

On November 18, 2015, the Court lifted the stay, set a motions deadline, and ordered Plaintiff to respond to Defendant's motion to dismiss or to show cause why this case should not be dismissed on or before January 18, 2016. (D.E. 19).

On December 18, 2015, Defendant filed the instant motion for summary judgment seeking dismissal of Plaintiff's claims as moot. (D.E. 20).

Plaintiff has not filed a response to Defendant's summary judgment motion or responded to the Court's show cause order.

III.    **SUMMARY JUDGMENT EVIDENCE.**

In support of his motion for summary judgment, Defendant Stephens offers the following:

> Ex. A:    Affidavit of Andrea Benavides, McConnell Unit Clerk,
>           regarding Plaintiff's religious exemption to the
>           grooming policy (D.E. 20-1, pp. 1-3); and
>
> Ex. B:    Grooming Policy and Religious Exemption, TDCJ
>           Offender Orientation Handbook (rev'd Sept. 2015)
>           (D.E. 20-2, pp. 1-5).

Plaintiff is a Sunni Muslim.  (D.E. 1, p. 6).  He filed his original complaint on July 22, 2013, pointing out that another McConnell Unit inmate, Willie Garner, had recently prevailed in his RLUIPA lawsuit challenging the TDCJ-CID's no-beard grooming policy and, through this lawsuit, he sought the right to grow and maintain a quarter-inch beard, the same as offender Garner.  (D.E. 1, p. 4).

On February 11, 2015, the Court entered a stay conditioned on Plaintiff's right to grow and maintain a half-inch beard.  (D.E. 15).

In response to the *Holt v. Hobbs* decision, the TDCJ revisited and amended its grooming policy.  The grooming policy now allows inmates seeking a religious exemption to grow a one-half inch beard.  (D.E. 20-2, p. 4).

Andrea Benavides has the informal title of "beard clerk" at the McConnell Unit because she keeps track of the offenders who have a religious exemption to the no-beard policy.  (D.E. 20-1, Benavides Aff't at ¶ 1).  According to Ms. Benavides' records,

Plaintiff "was approved to wear a religious beard on August 13, 2015." (*Id.,* Benavides Aff't at ¶ 2).

## IV.    SUMMARY JUDGMENT STANDARD.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified

documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## V. DISCUSSION.

### A. Plaintiff's claim is moot.

Through this lawsuit, Plaintiff sought permission to grow and maintain a quarter-inch beard; he was granted the right to grow and wear an even longer beard, one-half

inch, and has been able to do so since August 13, 2015.  (D.E. 20-1, p. 2).  Plaintiff has

not sought additional relief nor responded to Defendant's summary judgment motion.

Article III of the United States Constitution limits the jurisdiction of federal courts

to actual cases and controversies.  U.S. Const. art. III, § 2, cl. 1.  This clause requires that

parties seeking to invoke federal court jurisdiction demonstrate that they have a legally

cognizable interest or personal stake in the outcome of the case.  *Genesis Healthcare*

*Corp. v. Symczyk,* 133 S. Ct. 1523, 1528 (2013); *Payne v. Progressive Financial*

*Services, Inc.,* 748 F.3d 605, 607 (2014).  A live controversy must exist at every stage of

the litigation.  *Genesis*, 133 S. Ct. at 1528.  If an intervening circumstance deprives a

plaintiff of a personal stake in the outcome of the action or makes it impossible for the

court to grant any effectual relief whatever to the prevailing party, the case must be

dismissed as moot.  *Chafin v. Chafin,* 133 S. Ct. 1017, 1023 (2013) (internal quotations

marks and citation omitted).

In his original complaint, Plaintiff requested that he be allowed to wear a quarter-

inch beard.  He has been allowed to grow and maintain a half-inch beard as an expression

of his religious faith since August 13, 2015.  It appears that Plaintiff has no remaining

personal interest in the outcome of this litigation.  He received the injunctive relief he

was seeking, and he did not respond to the summary judgment motion nor address the

Court's order to show cause.  Plaintiff has no further interest in this action, and therefore,

it is respectfully recommended that Plaintiff's claims for injunctive and declaratory relief

be dismissed as moot.

**B.     Attorney's fees.**

In his original complaint, Plaintiff requested "reimbursement for all court costs, filling fees, and attorney fees. (D.E. 1, p. 4). Defendant argues that Plaintiff is not a "prevailing party" under § 1988 such that he is not entitled to reimbursement of costs, including attorney's fees, or expenses. (D.E. 20, pp. 3-4). In failing to respond to Defendant's summary judgment motion or this Court's order to show cause, Plaintiff has effectively abandoned these claims.

Moreover, it is well established that *pro se* litigants are not permitted to recover attorney fees under the Civil Rights Fee Awards Act, 42 U.S.C. § 1988. *Kay v. Ehrler,* 499 U.S. 432, 435 (19910 ( a *pro se* litigant is not entitled to attorney's fees under section 1988, regardless of whether the *pro se* litigant is himself an attorney); *Cofield v. Atlanta,* 648 F.2d 986, 987-88 (5th Cir. 1981) (42 U.S.C. § 1988 does not contemplate awarding attorney's fees to *pro se* litigants). Because Plaintiff was proceeding *pro se,* he is not entitled to attorney fees.

Plaintiff was granted leave to proceed *in forma pauperis,* (s*ee* D.E. 6), and as such, he must pay the full filing fee in installments overtime. 28 U.S.C. § 1915(b)(1). As an indigent prisoner, the State has born the costs of copies and mail. Plaintiff has offered no authority to suggest that he should be excused from paying the filing fee, and therefore, it is respectfully recommended that the Collection Order remain undisturbed.

**VI.     CONCLUSION.**

A change in TDCJ-CID policy has provided Plaintiff with the injunctive relief he sought: the right to wear a half-inch beard as an expression of his religious exercise, and

accordingly, the claims in this lawsuit are now moot.   Thus, it is respectfully recommended that the Court grant Defendant's motion for summary judgment (D.E. 20), and dismiss this action as moot.   It is respectfully recommend further that, to the extent Plaintiff is seeking reimbursement for attorney's fees, costs, or expenses, that those claims be dismissed.

Respectfully submitted this 30th day of March, 2016.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).